IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNE MARIE KIRBY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:19-cv-3058-N (BT) | |
| § | | |
| JUDGE AT EARL CABBELL FEDERAL § | | |
| COURTHOUSE, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Anne Marie Kirby filed a *pro se* complaint and motion to proceed *in forma pauperis*. The Court should deny Kirby's motion for leave to proceed *in forma pauperis* and dismiss the complaint unless Kirby pays the $400.00 filing fee within 14 days of the filing of this recommendation.

I.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court must then examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are

discretionary or mandatory." *Id*. A financial affidavit that is either "incomplete" or "internally inconsistent" is insufficient to find that a movant qualifies for leave to proceed *in forma pauperis*. *Muhammad v. La. Attorney Disciplinary Bd.*, 2009 WL 3150041, at *2 (E.D. La. Sept. 25, 2009) (citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976) ("[W]here the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question . . . of whether the asserted claim is frivolous or malicious.").

On December 27, 2019, Kirby filed her first motion to proceed *in forma pauperis*. (ECF No. 4). The information she listed in her motion was unclear, however, and she failed to state the balance in her bank accounts. The Court therefore ordered her to provide further information regarding her assets and liabilities. On January 6, 2020, Kirby filed her second motion to proceed *in forma pauperis*. (ECF No. 7). In her motion, she states she has $887 in cash. She also lists three bank accounts but again does not state the balance in any of those accounts. She states her income as $1,387.40 per month, and she states she owns electric companies and supermarkets. She does not list any expenses or dependents. Based on this information. the Court should find Kirby has failed to show that payment of the filing fee would cause her undue financial hardship.

## II.

For the foregoing reasons, the Court should DENY Kirby's motion for leave to proceed *in forma pauperis* and dismissed her complaint without prejudice

unless Kirby pays the $400.00 filing fee within 14 days of the filing of this recommendation.

Signed June 25, 2020.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).